954 So.2d 57 (2007)
HIGHTOWER GEOTECHNICAL SERVICES, INC., Appellant/Cross-Appellee,
v.
HBE-FLORIDA CORPORATION, et al., Appellee/Cross-Appellants.
No. 5D05-2755.
District Court of Appeal of Florida, Fifth District.
March 23, 2007.
Rehearing Denied April 25, 2007.
*58 Michael J. Korn, of Korn & Zehmer, P.A., Jacksonville, Rosanne P. Perrine of the Law Office of Rosanne Perrine, Ponte Vedra Beach, Harold S. Lippes of Lippes & Bryan, P.A., Jacksonville, and Dudley B. Birder, Jr., of Birder & Donsky Law Offices, P.A., Gainesville, for Appellant/Cross-Appellee.
Cheryl L. Worman and F. Eugene Atwood, Jr., of Rogers Towers, P.A., Jacksonville, for Appellee/Cross-Appellants.
PALMER, J.
Hightower Geotechnical Services, Inc. (Hightower) appeals the final judgment entered by the trial court arising out of litigation between the parties involving a construction contract. Appellees filed a cross-appeal. Determining that the trial court improperly entered a judgment for certain amounts against Hightower, we reverse and remand for entry of an amended final judgment.
Hospital Building and Equipment Company (HBE) is a general contractor that was hired by HBE-Florida to construct an addition onto an Adam's Mark Hotel. Hightower is a subcontractor who entered into a subcontract with HBE to perform chemical grout stabilization around the construction site.
During the course of construction, problems arose with Hightower's work. As a result, Hightower was removed from the job. HBE refused to pay two of Hightower's invoices based on the alleged unsatisfactory work. HBE also hired a different subcontractor to complete the work which was originally to be performed by Hightower.
Hightower filed a complaint against HBE and HBE-Florida seeking to establish and foreclose a construction lien on the hotel property and for breach of contract. HBE filed a counter-claim alleging a breach of contract claim against Hightower.
At trial, Hightower stated it was paid $238,075.20 for its work but contended that it was due additional monies, including retainage and unpaid contract sums. HBE claimed, among other things, that it was entitled to recover from Hightower the money it spent to complete the project.
After conducting a bench trial, the trial court concluded that Hightower was owed $5,375.10 for services performed in the last phase of the contract. The court also found that HBE was entitled to recover damages incurred by it in completing the last phase of the work. As a result, a net judgment was entered in favor of HBE.
On appeal, Hightower argues that the trial court erred in denying its motion to *59 amend the final judgment to add an award for unpaid retainage. We find no error in the trial court's factual conclusion that Hightower was not entitled to recover the retainage because the reasonable value of the work it performed did not exceed the amount it was paid plus the $5,375.10 awarded to it in the final judgment.
However, we conclude that the trial court did err in awarding HBE the money it expended in completing the project after Hightower was removed from the job. No evidence was presented that HBE expended more money to complete the work than it would have paid Hightower if it had properly completed the work. Since HBE was not required to pay Hightower for any of the work it performed on the last phase (except the $5,375.10 for unrelated work during that phase), it could not properly charge Hightower for the money it paid another subcontractor to complete that phase. To do so would improperly allow HBE to receive the work performed on the last phase at no cost. See Mnemonics, Inc. v. Max Davis Assoc., Inc., 808 So.2d 1278 (Fla. 5th DCA 2002) (holding that an award of damages for breach of contract is intended to place the injured party in the position he or she would have been had the breach not occurred).
Accordingly, we reverse the final judgment and remand this case to the trial court for the entry of a judgment in favor of Hightower in the amount of $5,375.10 and for such other relief as is warranted by this opinion.
In closing, we note that Hightower has filed a motion with this court seeking an award of appellate attorney's fees pursuant to the provisions of section 713.29 of the Florida Statutes on its claim for foreclosure of a construction lien. We provisionally grant that motion and direct the trial court to determine whether Hightower is entitled to prevail on its claim for foreclosure of its construction lien and, if so, to determine the reasonable amount of appellate fees to be awarded.[1]
AFFIRMED in part; REVERSED in part; and REMANDED.
GRIFFIN and EVANDER, JJ., concur.
NOTES
[1] It appears from the record that the only reason Hightower did not prevail on its construction lien claim was because it did not receive a net judgment in its favor. However, it is possible that other grounds existed to deny that claim, but were not articulated by the trial court because of its entry of a net judgment in favor of HBE.